NOS. 07-03-0423-CV
07-03-0424-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 26, 2004
_____


IN THE MATTER OF J.M.R., A CHILD

_____

FROM THE COUNTY COURT AT LAW OF RANDALL COUNTY,

SITTING AS A JUVENILE COURT; NOS. 3999-J, 4050-J;

HONORABLE JAMES W. ANDERSON, JUDGE
_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

**ON ABATEMENT AND REMAND**


In May of 2003, appellant J.M.R., a juvenile, was adjudged as having engaged in delinquent conduct within the meaning of section 51.03 of the Texas Family Code and, as a result of a separate adjudication hearing conducted the same day, was placed on probation subject to certain terms and conditions until his 18th birthday. On June 9, 2003, the State filed a petition alleging appellant had failed to comply with the conditions of his probation and to modify the court's prior disposition. This was assigned cause number 3999-J. Under a separate cause number, 4050-J, the State filed a petition for adjudication.

After hearings at which appellant was represented by the same appointed counsel, appellant waived his right to trial and plead true to the allegations in the State's petitions. In cause number 4050-J the trial court found appellant engaged in delinquent conduct. In cause number 3999-J the trial court placed appellant in the custody of the Texas Youth Commission.

Appellant's appointed counsel gave timely notice of his desire to appeal each order. We received the reporter's record in both cases on November 19, 2003 and the clerk's records on December 8, 2003. Counsel was notified when the records were filed. Appellant's brief was due on January 7, 2004. Tex. R. App. P. 38.6(a). On February 3, 2004, we notified appellant's appointed counsel that appellant's brief was past due, and requested a response by February 13. We have received no response.

We must, therefore, abate the appeals and remand the matter to the juvenile court of Randall County.  Upon remand, the judge of that court shall immediately cause notice to be given of and conduct a hearing to determine:

1.  Whether the juvenile and his attorney have abandoned his appeals.

2.  If the appeals have not been abandoned, the trial court shall determine if the juvenile is indigent and if so, whether the appointment of a new attorney is necessary;

3.  If it is determined that a new attorney should be appointed, the name, address and State Bar of Texas identification number of the attorney appointed;

4.  If the juvenile is not indigent, whether he has failed to make the necessary arrangements for prosecuting the appeals, and if he has not done so, what orders are necessary to ensure those arrangements are made;

5.  If other orders are necessary to ensure the diligent and proper pursuit of the appeals.

In support of its determination, the trial court shall prepare and file written findings of fact and conclusions of law and cause them to be included in a supplemental clerk's record.  The hearing proceedings shall be transcribed and included in a supplemental reporter's record.  Those supplemental records shall be submitted to the clerk of this court no later than March 26, 2004.

Per Curiam